**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN IRON AND STEEL INSTITUTE, et al., ) ) ) Petitioners, ) ) v. ) ) UNITED STATES ENVIRONMENTAL ) PROTECTION AGENCY and ) MICHAEL S. REGAN, Administrator, ) United States Environmental Protection ) Agency ) ) Respondents. ) | Case No. 20-1354 (Consol. with Case No. 20-1355) |

**PETITIONER AMERICAN IRON AND STEEL INSTITUTE'S
NON-BINDING STATEMENT OF ISSUES**

Petitioner American Iron and Steel Institute ("AISI") submits this non-binding statement of issues in the consolidated cases challenging the final action of the United States Environmental Protection Agency ("EPA") entitled: "Integrated Iron and Steel Manufacturing Facilities Residual Risk and Technology Review," 85 Fed. Reg. 42,074 (July 13, 2020) (the "2020 Rule"). Without waiving any right to raise additional issues, Petitioner AISI states that it intends to raise the following issues:

1. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law in the completion of its residual risk review in the 2020 Rule by

imposing unnecessary and unwarranted hazardous air pollutant ("HAP") standards for mercury despite finding the existing requirements provide an ample margin of safety to public health.

2. Whether, despite appropriately concluding the source category presents acceptable risk and existing standards provide an ample margin of safety, EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law in the completion of its residual risk review in the 2020 Rule by finalizing its risk assessment based on inaccurate emissions information, without incorporating more accurate emissions information in the record, and using a flawed methodology that resulted in an acknowledged overstatement of the minimal risk.

3. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law by developing HAP emission standards for mercury inconsistent with the Clean Air Act ("CAA") requirements to consider, for example, variability and data sufficiency.

4. Whether EPA acted arbitrarily, capriciously, or in a manner otherwise contrary to law by establishing mercury limits that go beyond the maximum degree of emission reductions achieved in practice by the best controlled similar sources considering the statutorily specified factors, including removal capacities, costs, non-air quality health and environmental impacts, and energy requirements

associated with available control measures pursuant to 42 U.S.C. §§7412(d)(2) and (d)(3).

Dated:  January 10, 2025   Respectfully submitted,


/s/ Lianne Mantione
Lianne Mantione
Douglas A. McWilliams
SQUIRE PATTON BOGGS (US) LLP
1000 Key Tower, 127 Public Square
Cleveland, Ohio 44114-1304
Telephone: (216) 479-8500
Facsimile: (216) 479-8780
lianne.mantione@squirepb.com
douglas.mcwilliams@squirepb.com

*Counsel for Petitioner*
*American Iron and Steel Institute*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Lianne Mantione
Lianne Mantione

*Counsel for Petitioner*
*American Iron and Steel Institute*